### HOLBROOK v WEISS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15309.   Decided May 4, 1936

Charles J. Smith, Cleveland, for plaintiff in error.

David L. Suid, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

The only subject for our inquiry is: Did the trial court abuse its discretion?

It will be noted that the vacation of said judgment was made by the trial court at the same term in which the judgment was rendered. It is invariably held that during the same term the trial court may vacate a judgment within its sound discretion. This power of the court is not unlimited. It is not an arbitrary or autocratic power. It is limited to the exercise of sound judicial discretion. When the court abuses that discretion its action may be reversed on review. Do the facts in this case show an abuse of discretion? We will further review the facts in addition to the general statement made in the opening hereof.

Holbrook took a complete record of the evidence and proceedings in the trial of the case wherein judgment was rendered in his favor and of the hearing on the motion to vacate said judgment, all of which together with his exceptions constitute his bill of exceptions.

So far as we can ascertain the record is entirely devoid of the least plausible excuse or reason for the action of the court in vacating the judgment.

Weiss instituted the suit which was prepared and filed by his attorney. Then Holbrook filed a motion to make the petition definite and certain, which motion was granted. An amended petition was filed to which Holbrook filed an answer and cross petition, a copy of which was sent to the attorney for Weiss. Due notice of the filing of the answer and cross petition was communicated to Weiss by his attorney and he was advised of the necessity of filing an answer to the cross-petition. He wholly disregarded this advice of his own lawyer, his only response to his own lawyer's importunities was that he was quite busy.

Counsel for Holbrook, on proper motion, procured an order of the court for physical examination of Weiss by a certain designated physician and made arrangements with Weiss' attorney to have his client Weiss submit to said physical examination at a designated time and place. Weiss failed to keep the appointment. His counsel called him several times by phone to get him to comply with the order of the court to submit to physical examination. The only response he made to the requests was that he was very busy and would get there when he was in position to do so; that this was his rush season and he was not sure he could get there at the stated time. He

never did comply with the order of the court. His business was that of a furrier.

Before the case was called regularly for trial his lawyer telephoned a message to his place of business advising him of the fact. Weiss does not deny that he got this message. His only excuse for not taking care of this litigation that he started seems to be that his own business just then was more important than the business of the court. His own lawyer wrote to him: "It is incumbent upon me, as your attorney, to file an answer to the cross petition filed against you in this case. I have written you several times concerning this matter, but to date I have not heard from you." His lawyer advised him he had been sued for One Thousand Dollars.

This was not the first litigation Weiss had had. This same lawyer represented him in other matters.

Weiss does not deny any of these statements. In fact, although Weiss was present in court at the hearing of his motion to vacate judgment, he was not called as a witness. But he appeared with a new lawyer who advanced the argument to the court that Weiss did not appear at the trial because of "the belief that the dismissal of his petition would dismiss the cross petition."

This statement is merely the word of the new lawyer unsupported by affidavit or sworn testimony of Weiss. It should therefore have been wholly disregarded and in view of Weiss' conduct as disclosed by his neglect and disregard of his own lawyer's requests, we do not deem the so-called "belief" that the cross petition would be dismissed, worthy of consideration, even if it had been supported by affidavit or sworn testimony of Weiss.

Weiss has wilfully failed to comply with the order of the court for physical examination. He wilfully failed to sign an answer to the cross petition as requested by his lawyer and he failed to respond on the day set for his trial. He slept upon his rights not inadvertently but wilfully. There was no remaining grace for him to have the judgment vacated and the execution on his automobile released.

The court acted without reason and arbitrarily in vacating said judgment and abused his sound judicial discretion. The ruling of the court is hereby reversed and the case is remanded with instructions to overrule the motion of Weiss to vacate said judgment.

To place judicial sanction upon the actions of Weiss in this case, as disclosed by the record, and thereby grant to him the relief prayed for in his motion, would be to ruthlessly disregard the rights of Holbrook. It would be placing a premium upon the disregard of the orders of the court and violations of all rules of procedure of court and legislature. It would amount to judicial permission for the litigant to thumb his nose at his adversary litigant and the court with impunity. The orderly process of justice cannot countenance such actions.

LIEGHLEY, PJ, concurs in the judgment. LEVINE, J, dissents.

## DISSENTING OPINION

### By LEVINE, J.

It appears from the record that Louis S. Weiss filed a petition in the Municipal Court of Cleveland for damages alleged to have ensued from the negligent operation of a motor vehicle by Eldred Holbrook. To this petition an answer and cross-petition was filed by Eldred Holbrook. In the cross-petition he sets forth negligent acts on the part of Weiss in the operation of his motor vehicle, which caused injuries to Holbrook. The petition filed by Weiss was dismissed for want of prosecution and for non-compliance with a court order, directing that Weiss submit himself to a physical examination Weiss' petition was dismissed on October 9, 1935. On the same date, the finding was entered in favor of Holbrook on his cross-petition against Weiss in the sum of $500.00. On October 15, 1935, a judgment was entered in favor of Holbrook against Weiss in the sum of $500.00. On October 29, 1935, Weiss filed a motion to vacate the judgment. In said motion he sets forth various grounds for vacation.

"3. That plaintiff has a valid defense against the defendant's cross-petition."

In the affidavit he refers to the petition filed by Weiss against Holbrook wherein it was claimed that the collision and consequent injuries resulted from the negligence of Holbrook.

There was a full hearing on the motion to vacate, in which each side was represented by counsel. As an excuse for the apparent negligence of Weiss in not filing an answer to the cross-petition of Holbrook, it was claimed that Weiss was under the impression that by dismissing his cause of action as set forth in his petition against Holbrook that the entire matter would end. It may well be conceded as a fair inference to be drawn from the record that Weiss was

not diligent in presenting his defense to Holbrook's cross-petition.

It is well settled as the law of this state that during the term in which the judgment was rendered, the court has control of its orders and judgments and may, as an inherent power, vacate or modify them within its discretion.

Sec 11631 et seq., GC, prescribing the grounds upon which a judgment may be vacated does not limit the court in its control over its orders and judgments during term.

**First National Bank v Smith, 102 Oh St 120.**

The action of the court will be reversed only for abuse of discretion.

**Chandler Co. v Southern Pacific Co., 104 Oh St 188.**

The sole question in the case at bar is whether or not under the circumstances presented in the record the trial court abused its discretion in vacating, during term, the default judgment rendered in favor of Holbrook against Weiss.

The paramount aim of judicial judgment is to render justice between litigants. If a cause of action does not exist, a judgment rendered against the party based upon such alleged cause of action which does not in law exist, would be tantamount to thwarting the ends of justice.

In **Oben & Einstein Co. v Ettinger, 11 C. C.R.** (N.S.) 383, and affirmed by the Supreme Court without report, **60 Oh St 579,** holds:

"1. A judgment may be set aside for fraud, notwithstanding the fact that no defense was made at the time it was rendered although the defendant was properly served with summons by copy thereof left at her usual place of residence.

2. A judgment procured against a party on an account which she never owed, never became either directly or indirectly liable for, such judgment constituted a fraud on the court rendering such judgment and should be set aside in a proceeding brought for that purpose."

In the case of **Resznick v Paryznek, 23 Oh Ap 327,** (5 Abs 388) this court held that it is an abuse of discretion to refuse to vacate a default judgment where the motion is made during term and a valid defense is shown on paper.

In **Cornick v Hahn, 11 Oh Ap 388,** this court held:

"Where judgment is rendered in the absence of one of the parties and during the same term such party files a motion to set aside such judgment, showing to the satisfaction of the court that there is substantial merit in his claim, the setting aside of such judgment is not an abuse of discretion even though such complaining party shows little merit in his excuse for his absence."

We may assume, in the case at bar, that Weiss was negligent in failing to file an answer to the cross-petition of Holbrook and in failing to appear in court to present a defense. His negligence, however, does not, in my opinion, determine the question before us. If, despite his negligence, the trial court which entered the default judgment against Weiss, is satisfied after hearing the arguments on the motion for the vacation of the default judgment, that Weiss has a probable defense to the action, it becomes the duty of the trial court to reopen the case by setting aside the default judgment so that the defense may be heard. It would indeed be an extreme punishment for lack of diligence to enter a judgment against the party guilty of such lack of diligence when there is no cause of action against him.

In the original petition filed by Weiss which was afterwards dismissed for want of prosecution, and to which he refers in his motion to vacate, he sets forth a cause of action against Holbrook alleging acts and omissions which, if proven, would constitute negligence on the part of Holbrook and a complete defense to his cause of action against Weiss. In his cross-petition Holbrook, after denying that he was guilty of any of the acts of negligence alleged in Weiss' petition, sets forth allegations showing that there was negligence on the part of Weiss in the operation of his motor vehicle. Each one of the parties accuses the other of negligence. If, upon hearing the case on its merits, the court concluded that Weiss was without fault or that Holbrook, instead of Weiss, was guilty of negligence, there could be no judgment rendered against Weiss. The very purpose of the law which gives the trial court control over its entries made during the term is to enable the court to correct erroneous judgments. The trial court apparently took the view, after hearing the evidence on the motion to vacate, that while Weiss may well be censured for his lack of diligence, the ends of justice require that in view of the fact that Weiss in support of his motion to vacate presented a probable defense by putting the blame for the negligent operation of the motor vehicle upon Holbrook, that

the ends of justice require that the default judgment be set aside so as to give Weiss his day in court.

I cannot agree with the majority of the court that the trial court abused its discretion in vacating the default judgment. I hold quite a contrary view.

Relying upon the decisions of this court to which reference has been made, the court would have committed reversible error for abuse of discretion in refusing to vacate the default judgment during term when a valid defense was shown on paper.

Resznick v Paryznex, supra.

Cornick v Hahn, supra.

It is, in my opinion, the prerogative of every trial court to open the door during term and to permit additional information and defenses to be presented so that a correct judgment should be rendered. The fact that the defendant against whom the default judgment was rendered was guilty of negligence in failing to present his defense, does not alter the situation. When the court rendered the default judgment it heard but one side. If, on a motion to vacate, the trial court concludes that the defendant against whom the default judgment was rendered has a probable defense, the exercise of sound discretion and with a view of promoting justice between the parties, would require the court to set aside the default judgment and to reopen the case for a full hearing on the merits with both parties present in court.

If we were to limit the power of the court during term to vacate default judgments and if we were to hold that the court is guilty of abuse of discretion in vacating such judgment on the sole ground that the defendant was negligent in failing to present a defense, we would thereby make it impossible for the court to correct erroneous judgments.

The power to vacate default judgments, when the court finds that there is a probable defense, does not at all depend upon the conduct of the parties to the litigation. It is vested in the court for the purpose of promoting the ends of justice and to enable the court to decide cases according to their true merits. When a default judgment is rendered against the party who has a valid defense, it operates as a fraud on the court which rendered it.

Oben, Einstein Co. v Ettinger, supra.

This elastic power is vested in trial courts as a protection to the court to enable it to efficiently operate. Human justice at most is speculative, and it is, of course, subject to error. The cardinal aim of a law suit is to render true judgment according to the merits of the case. It cannot be made to depend upon the conduct of the parties to the suit. Otherwise the court would be rendering judgment as a reward or punishment to either of the parties, depending on their lack of diligence, in prosecuting or defending, regardless of the true merits of the case. This power must be broadened so as to enable the court to approach the ends of justice and to render correct judgments according to the merits of the case.

In the case at bar the trial court was under a duty to let in the light and to gain additional information. When, after the hearing of the motion to vacate, the court gained such information and received additional light on the subject, it not only was within the power of the court to vacate the judgment without being guilty of the charge of abuse of discretion, but it was also its duty to vacate the judgment so that the true state of facts would be made known to the court and impartial judgment rendered accordingly.